UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-245 PA; CR 19-016 PA | Date | April 19, 2024 |
|---|---|---|---|
| Title | David Linehan v. United States of America | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS — COURT ORDER

Before the Court is pro se petitioner David Linehan's ("Petitioner" or "Defendant") Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). (Docket No. 1 in Case No. CV 24-245; Docket No. 150 in Case No. CR 19-016 PA.) Respondent United States of America ("the Government") has filed a Motion to Dismiss and Opposition to Petitioner's § 2255 Motion. (Docket No. 7 in Case No. CV 24-245.) Petitioner has not filed a Reply/Opposition, and the deadline to do so has expired. (See Docket No. 3 in Case No. CV 24-245.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument.

## I.     Background

On October 18, 2017, Petitioner, a United States citizen living in Cambodia, sent an email with the subject line "US Citizen WARNING – BOMB US EMBASSY" to the United States Embassy in Phnom Penh, Cambodia. (Docket No. 144 (Trial Transcript) at 41:3 in Case No. CR 19-016 PA.) The email stated: "I've had enough. I plan to fire bomb the US Embassy in Phnom Penh ['the Embassy'] and draw international attention to your crimes against me and the rest of the world unless you respond immediately and redress your crimes." (Id. at 41:13–16.)

In December of 2018, Petitioner was deported from Cambodia and arrested when he deplaned in the United States. Petitioner was indicted on one count of communicating a threat in foreign commerce, in violation of 18 U.S.C. § 875(c), and one count of using an instrument of foreign commerce to threaten an individual or property by means of fire or explosive, in violation of 18 U.S.C. § 844(e). On May 30, 2019, the jury convicted Petitioner on both counts. He received a 33-month sentence. Petitioner appealed to the Ninth Circuit, which affirmed his sentence and conviction, issuing its mandate on December 9, 2020. (Docket No. 148 in Case No. CR 19-016 PA.) See United States v. Linehan, 835 F. App'x. 914 (9th Cir. 2020).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 24-245 PA; CR 19-016 PA | Date | April 19, 2024 |
|---|---|---|---|
| Title | David Linehan v. United States of America | | |

Petitioner filed his § 2255 Motion on January 3, 2024, alleging two claims: (1) denial of his First Amendment right to "practice [his] religion"; and (2) "ineffective assistance of counsel." (Docket No. 1 at p. 5 in Case No. CV 24-245.)

**II.   Legal Standard**

"'In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention.'" Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003) (quoting Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000)). Under § 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum imposed by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

A motion filed pursuant to § 2255 must allege specific facts which, if true, would entitle a petitioner to relief. See United States v. Rodrigues, 347 F.3d 818, 824 (9th Cir. 2003) (citing United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996)). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "In determining whether a hearing and findings of fact and conclusions of law are required, '[t]he standard essentially is whether a movant has made specific factual allegations that, if true, state a claim on which relief could be granted.' Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" United States v. Withers, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (quoting United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984)) (internal citations omitted). "Mere conclusory allegations do not warrant an evidentiary hearing." Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989).

**III.   Analysis**

   **A.   Petitioner's Claims Are Time-Barred**

Motions brought under § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). "In most circumstances, the statute of limitations under § 2255 begins to run on 'the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-245 PA; CR 19-016 PA | Date | April 19, 2024 |
|---|---|---|---|
| Title | David Linehan v. United States of America | | |

date on which the judgment of conviction becomes final.'" United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001) (quoting 28 U.S.C. § 2255(f)(1)).

Here, Petitioner's conviction became final on March 9, 2021, ninety days after the Ninth Circuit issued its mandate affirming the conviction (December 9, 2020). See United States v. Martin, 379 F. App'x 686, 686–87 (9th Cir. 2010) ("In the context of 28 U.S.C. § 2255 motions, 'a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.'") (quoting Clay v. United States, 537 U.S. 522, 525, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003)); United States v. Garcia, 210 F.3d 1058, 1059 n.13 (9th Cir. 2000) (explaining that the time for seeking certiorari expires ninety days after the Court of Appeals enters its judgment). However, Petitioner did not file his § 2255 Motion until January 3, 2024, well-over two years late.[1]

Petitioner makes no effort to explain this delay, and does not contend that equitable tolling applies here. Even so, to be entitled to equitable tolling, a petitioner "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Fla., 549 U.S. 327, 336, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007) (internal quotations omitted). Here, Petitioner has not established, or even argued, that he has been pursuing his rights diligently or that an extraordinary circumstance prevented him from timely filing his § 2255 Motion.

Accordingly, the Court denies Petitioner's § 2255 Motion on the grounds that it is time-barred. Because Petitioner's § 2255 Motion is untimely, the Court need not address the merits of his claims. However, if the Court were to address the merits, it would deny

---

[1] As an initial matter, the Court notes that its January 16, 2024 Minute Order and February 9, 2024 Self Representation Order (Docket Nos. 3 & 5) were returned as undeliverable after being sent to the address Petitioner has provided the Court. It is unclear why these documents were returned as undeliverable given that, as recently as March 28, 2024, Petitioner was using that same address on his filings submitted in other cases pending before another judge in this District, and given that Plaintiff has not notified the Court of any change of address. See Docket No. 154 in Case No. CR 20-417 ODW; Docket No. 4 in Case No. CV 24-157 ODW. Under Local Rule 41-6, "[i]f a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute." L.R. 41-6. Despite Petitioner's obligation under Local Rule 41-6, the Court nonetheless proceeds to analyze, and dismiss, Petitioner's § 2255 Motion for the reasons that follow.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-245 PA; CR 19-016 PA | Date | April 19, 2024 |
|---|---|---|---|
| Title | David Linehan v. United States of America | | |

Petitioner's § 2255 Motion for the reasons provided in the Government's Motion to Dismiss and Opposition.

### B.   No Evidentiary Hearing Required

The Government asserts that an evidentiary hearing is not necessary because Petitioner's claims are frivolous. Petitioner has not put forth any facts, or even citations to the record, to support the conclusory allegations upon which he bases his § 2255 Motion. Therefore, his claims are either palpably incredible or patently frivolous. See, e.g., United States v. Hurley, 171 F. App'x 700, 701 (9th Cir. 2006) (finding that the district court did not abuse its discretion in denying petitioner an evidentiary hearing, and concluding that petitioner's claims were "either palpably incredible or patently frivolous" where petitioner did "not elaborate upon her allegations" and did "not cite to any evidence that would support her claims"). Accordingly, the Court concludes that Petitioner is not entitled to an evidentiary hearing. See, e.g., United States v. Mejia-Mesa, 153 F.3d 925, 929 (9th Cir. 1998) ("The district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief.").

### Conclusion

For all of the foregoing reasons, Petitioner's § 2255 Motion is denied and the Government's Motion to Dismiss is granted. A certificate of appealability will not issue because Petitioner has failed to make a substantial showing of the denial of a constitutional right. See Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003); Williams v. Woodford, 384 F.3d 567 (9th Cir. 2004).

IT IS SO ORDERED.